**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**WASHINGTON, DC**

Case No. **1:26-cv-00941-ABJ**


REYES HERNANDEZ GONZALES
and
JOSE ANGEL PEREIRA RUIMWYK
     Plaintiff[s,]

v.

  1.  NICOLAS MADURO MOROS,
  2.  DIOSDADO CABELLO RONDON,
  3.  VLADIMIR PADRINO LOPEZ,
  4.  EL CARTEL DE LOS SOLES (THE SUN CARTEL),
  5.  PETROLEOS DE VENZUELA, S.A (aka) PDVSA,
  6.  SAMAR LOPEZ BELLO,
  7.  WILMER ARCANGEL RODRIGUEZ,
  8.  CONSTANTINO PADRINO LOPEZ,
  9.  MIGUEL ÁNGEL TOVAR MATHEUS
  10. RAMÓN ALONSO CARRIZALEZ

     Defendant[s]
_____/


**AMENDED PLAINTIFFS' MOTION FOR CLERK'S DEFAULT AS TO DEFENDANTS NICOLAS MADURO MOROS, DIOSDADO CABELLO RONDON, AND EL CARTEL DE LOS SOLES (THE SUN CARTEL)**


    **COMES NOW** Plaintiffs, REYES HERNANDEZ GONZALEZ and JOSE ANGEL PEREIRA RUIMWYK, by and through their undersigned counsel, and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, respectfully move this Court to direct the Clerk of Court to enter default against Defendants NICOLAS MADURO MOROS, DIOSDADO CABELLO

RONDON, and EL CARTEL DE LOS SOLES (THE SUN CARTEL) (collectively, the "Defaulting Defendants"), and in support thereof state as follows:

## I. INTRODUCTION

This is a civil action for damages arising from acts of international terrorism, narco-terrorism, torture, extrajudicial detention, and the forcible seizure of property, brought pursuant to 18 U.S.C. § 2333. Plaintiffs properly commenced this action on September 17, 2025, and the Court issued summonses as to the Defaulting Defendants on that same date. Service of process was effectuated upon each of the Defaulting Defendants on January 15, 2026. Despite proper and timely service, the Defaulting Defendants have wholly failed to answer, move, or otherwise respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure. Accordingly, entry of clerk's default is warranted as a matter of right.

## II. BACKGROUND

On September 17, 2025, Plaintiffs filed their initial Complaint, and the Court issued summonses directed to, inter alia, Defendants NICOLAS MADURO MOROS, DIOSDADO CABELLO RONDON, and EL CARTEL DE LOS SOLES (THE SUN CARTEL). The summonses directed each Defaulting Defendant to appear and respond within twenty-one (21) days of service of process. On November 26, 2025, Plaintiffs filed their First Amended Verified Complaint [D.E. 21], which further details the acts of international terrorism, narco-terrorism, torture, extrajudicial detention, and property seizure committed by the Defaulting Defendants.

On January 15, 2026, Plaintiff's process server, Sophia Hervis, effectuated service of process upon each of the Defaulting Defendants via electronic mail, as follows:

(a)Defendant NICOLAS MADURO MOROS: Service was completed via email to apuretecnologia@gmail.com on January 15, 2026 at 6:17 p.m.

(b)Defendant DIOSDADO CABELLO RONDON: Service was completed via email to mazazos@gmail.com on January 15, 2026 at 6:19 p.m.

(c)Defendant EL CARTEL DE LOS SOLES (THE SUN CARTEL): Service was completed via email to oatc.oesepp@mindefensa.gob.ve on January 15, 2026 at 6:22 p.m.

The Proofs of Service for each Defaulting Defendant have been filed with this Court, confirming that service was completed on January 15, 2026. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), each Defaulting Defendant was required to serve an answer or otherwise respond to the Complaint within twenty-one (21) days of service — i.e., no later than February 5, 2026. As of the date of this Motion, no Defaulting Defendant has filed an answer, filed a motion, entered an appearance, or taken any action whatsoever in this matter.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.". Entry of default is a ministerial act, and the Clerk of Court is required to enter default upon a proper showing that the defendant has been served and has failed to respond within the applicable time period. Courts in

this District have consistently recognized that default is appropriate where a defendant, after being duly served, fails to plead or otherwise defend within the time prescribed by the Federal Rules. Attempts by a defendant to escape the effects of his default should be strictly circumscribed; he should not be given the opportunity to litigate what is already considered admitted in law. The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.

## IV. ARGUMENT

### A. The Defaulting Defendants Were Properly Served.

Each of the Defaulting Defendants was duly served with a copy of the summons and the operative Complaint via electronic mail on January 15, 2026. The Proofs of Service, executed under penalty of perjury by Sophia Hervis, Process Server, and filed of record in this matter, confirm that service was effectuated upon each Defaulting Defendant in the manner described above. The Defaulting Defendants received actual notice of this litigation through the service of process directed to official governmental and party-affiliated email addresses, including official Venezuelan state government and party addresses. Service was therefore proper and effective.

### B. The Defaulting Defendants Have Failed to Plead or Otherwise Defend.

More than twenty-one (21) days have elapsed since the Defaulting Defendants were served on January 15, 2026. The deadline for the Defaulting Defendants to answer or otherwise respond

was February 5, 2026. As of the date of this Motion, March 20, 2026, none of the Defaulting Defendants has filed an answer, responsive motion, or any other document with the Court; entered an appearance through counsel; or otherwise communicated with Plaintiffs or the Court regarding this litigation. The Defaulting Defendants have therefore wholly failed to "plead or otherwise defend" within the meaning of Rule 55(a).

### C. Entry of Clerk's Default Is Mandatory.

Because (1) Plaintiffs seek affirmative relief against the Defaulting Defendants; (2) each Defaulting Defendant was duly served; and (3) each Defaulting Defendant has failed to plead or otherwise defend, the requirements of Rule 55(a) are fully satisfied. Accordingly, the Clerk of Court is required to enter default against each Defaulting Defendant. The entry of default is not a matter of discretion Rule 55(a) provides that the Clerk "must" enter default upon a showing of failure to plead or otherwise defend. Fed. R. Civ. P. 55(a).

### V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court direct the Clerk of Court to enter default against Defendants NICOLAS MADURO MOROS, DIOSDADO CABELLO RONDON, and EL CARTEL DE LOS SOLES (THE SUN CARTEL), pursuant to Federal Rule of Civil Procedure 55(a), for failure to plead or otherwise defend this action.

Dated: March 23, 2026

Respectfully submitted,

**PALOMARES-STARBUCK & ASSOCIATES**
66 W. Flagler Street, Suite 601
Miami, Florida 33130
Telephone: (305) 537-9373
Facsimile: (305) 501-2366
E-Service E-mail: palolaw2@gmail.com
Secondary E-mail: palolaw@gmail.com

By:    */s/ Lorenzo J. Palomares-Starbuck*
Lorenzo J. Palomares-Starbuck, Esq.
DC. Bar No. 503044

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 23, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system. I further certify that copies of the foregoing have been served upon all Defaulting Defendants via the same means of electronic mail utilized in the service of the summons and Complaint.

By:    */s/ Lorenzo J. Palomares-Starbuck*
Lorenzo J. Palomares-Starbuck, Esq.
DC. Bar No. 503044